HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
SCOTT MARCUS, Chief Assistant City Attorney (SBN 184980)
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
**ARLENE N. HOANG, Deputy City Attorney (SBN 193395)**
200 North Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Telephone Number:  213.978.7508
Facsimile Number: 213.978.7011
Arlene.Hoang@lacity.org

Attorneys for Defendants,
CITY OF LOS ANGELES,
LOS ANGELES POLICE DEPARTMENT, and
LOS ANGELES BOARD OF POLICE COMMISSIONERS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GARRY MATTHEWS and DOMINIC ROSS HUNN, individually and as class representatives,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, AND LOS ANGELES BOARD OF POLICE COMMISSIONERS,<br><br>Defendants. | Case No.: 22-cv-02944-FLA-PD<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [ECF 40]**<br><br>**Hearing Date:  December 16, 2022**<br>**Time:  1:30 pm**<br>**Dept:  6B**<br>**Taken Under Submission without oral argument on December 12, 2022 [ECF 51]**<br><br>Judge:     Hon. Fernando L. Aenlle-Rocha |

Defendants CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, AND LOS ANGELES BOARD OF POLICE COMMISSIONERS (collectively "the City") submit this supplemental memorandum in support of their Motion to Dismiss Plaintiffs' First Amended Complaint [ECF 40] in light of the California Courts of Appeal recently issuing new authority conclusively establishing Plaintiffs' First Amended Complaint in its entirety fails as a matter of law.  The Motion to Dismiss was taken under submission without argument on December 12, 2022.  ECF .

On August 24, 2023, the California Court of Appeal issued its opinions in *People v. Miller*, No. C097229, 2023 WL 5443866 (Cal. Ct. App. Aug. 24, 2023), and *In re T.F.-G.,* No. H050112, 2023 WL 5446902 (Cal. Ct. App. Aug. 24, 2023).  These decisions were preceded by *In re D.L.,* 93 Cal. App. 5th 144, 310 Cal.Rptr. 562 (2023), as modified on denial of reh'g (July 31, 2023), review filed (Aug. 14, 2023).  Copies of these decisions are attached hereto as Exhibits A through C, inclusive.[1]  The newly issued decisions hold that regardless of the constitutionality of the "good cause" requirement in California's (and the City's) firearms licensing schemes pre- *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, ___ U.S. ___, 142 S.Ct. 2111 (2022) (*Bruen*), the concealed firearm carry violation arrests under California Penal Code sections 25400(a) and 25850 are valid, enforceable, and constitutional.

### *People v. Miller*

Miller was charged with violating Penal Code section 25400(a), and filed a demurrer arguing her concealed firearm charge was unconstitutional under *Bruen*. Similar to Plaintiffs here, Miller did not apply for a concealed carry permit. *People v. Miller*, 2023 WL 5443866, at *1.  However, without addressing whether Miller had

---

[1] *People v. Miller*, No. C097229, 2023 WL 5443866 is attached as Exhibit A;  *In re T.F.-G.,* No. H050112, 2023 WL 5446902 is attached as Exhibit B; and *In re D.L.,* 93 Cal. App. 5th 144, 310 Cal.Rptr. 562 (2023) is attached as Exhibit C.

standing under California state law, the Court of Appeal denied Miller's claim on the merits. *Id*., at *3.

Importantly, Miller, like Plaintiffs, was not charged with failing to obtain a concealed carry weapons license *per se*, although the Court noted that obtaining one would have exempted Miller from violating Penal Code section 25400. *Id.*, at *4. Rather, Miller – again like Plaintiffs – based her arguments on the flawed premise that the California Penal Code section 25400 violation was unconstitutional because the "good cause" requirement in the licensing scheme was not legally proper. *Id.* The Court of Appeal rejected this argument, finding that the constitutionality and validity of the Penal Code section 25400 violation is not dependent on the validity of the licensing scheme, and *Bruen* does not suggest the concealed carry prohibitions of California Penal Code section 25400 are unconstitutional. Id., at *5. "The constitutionality of California's concealed carry prohibition is not dependent upon the constitutionality of its licensing statutes because, while a license qualifies a holder for an exemption from the concealed carry provisions, the availability of this exemption is not constitutionally necessary." *Id.*

Thus, the Court reversed the sustaining of Miller's demurrer and dismissal of her Penal Code violation charge, and ordered the lower court to reinstate the case against Miller.

### *In re T.F.-G*

T.F.-G was a juvenile who was arrested for violating California Penal Code section 25850. T.F.-G raises a facial rather than an "as applied challenge" and fundamentally "argues that if any requirement for issuance of a license to carry a loaded firearm was unconstitutional, then the application of [California Penal Code] section 25850 to punish any unlicensed person must also be unconstitutional." *In re T.F.-G.,* 2023 WL 5446902, at *8 and *10. The California Court of Appeal rejected this argument. The Court found that even if the "good cause" requirement was unconstitutional under *Bruen*, neither

*Bruen* nor the Second Amendment support a categorical ban on a state's authority to require licenses to carry concealed, loaded firearms.  *Id.,* at *12–13.

### ***In re D.L.***

D.L. was arrested and convicted for violating California Penal Code section 25850(a), and sought to have that conviction reversed based on the *Bruen* decision.  *In re D.L.,* 310 Cal. Rptr. 3d at 567.  D.L made a facial challenge to the constitutionality of the Penal Code section, and the Court considered the merits of the argument.  *Id.*, at 577. Notably, the Court found D.L. did not make an "as applied" challenge, "and [D.L.] lacks standing to do so since he never sought and could not have qualified for a concealed carry license for reasons having nothing to do with the "good cause" requirement at issue on his facial challenge."  *Id.*

Like Plaintiffs here, D.L. argued that since California's "good cause" requirement to obtain a concealed carry weapons permit/license was unconstitutional under *Bruen*, it was also unconstitutional to punish individuals who carried a firearm in public solely because they were unlicensed.  *In re D.L.*, 310 Cal.Rptr. at 566.  The California Court of Appeal rejected this argument, holding that the "good cause" requirement was severable from the remainder of California's concealed carry licensing framework, and it remained constitutional post-*Bruen* to punish an individual for carrying a loaded firearm in public. *Id.*, at 567.  Thus, D.L.'s conviction for violating Penal Code section 25850(a) was not reversed.

The Court of Appeal stated "In conclusion, the remaining concealed carry licensing requirements, after severing the 'good cause' condition, are consistent with the goals that California has advanced since the founding of our state: ensuring Californians who carry firearms are responsible and law-abiding, live in or have substantial contact with the licensing jurisdiction (since local law enforcement is tasked with licensee compliance), and know how to safely handle a gun."  *Id.*, at 581-82.

These holdings conclusively determine that Plaintiffs' First Amended Complaint in its entirety fails as a matter of law.  Plaintiffs' theories of liability here are nearly identical to the theories of liability in *People v. Miller, In re T.F.-G* and *In Re D.L.,* which have been rejected.  Plaintiffs' First Amended Complaint should therefore be dismissed without leave to amend.


DATED: August 28, 2023          HYDEE FELDSTEIN SOTO, City Attorney
                                DENISE C. MILLS, Chief Deputy City Attorney
                                SCOTT MARCUS, Chief Assistant City Attorney
                                GABRIEL S. DERMER, Assistant City Attorney
                                ARLENE HOANG, Deputy City Attorney

                                By *\s\ Arlene N. Hoang*
                                    ARLENE HOANG
                                    Deputy City Attorney
                                    Attorneys for Defendants