HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
SCOTT MARCUS, Chief Assistant City Attorney (SBN 184980)
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
**ARLENE N. HOANG, Deputy City Attorney (SBN 193395)**
**JESSICA MARIANI, Deputy City Attorney (SBN 280748)**
200 North Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Telephone Number:  213.978.7508
Facsimile Number: 213.978.7011
Arlene.Hoang@lacity.org

Attorneys for Defendants,
CITY OF LOS ANGELES,
LOS ANGELES POLICE DEPARTMENT, and
LOS ANGELES BOARD OF POLICE COMMISSIONERS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GARRY MATTHEWS and DOMINIC ROSS HUNN, individually and as class representatives,<br><br>            Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, AND LOS ANGELES BOARD OF POLICE COMMISSIONERS,<br><br>            Defendants. | Case No.: 22-cv-02944-FLA-PD<br><br>**DEFENDANTS' OPPOSITION TO "PLAINTIFFS' MOTION TO AMEND THE JUDGMENT FOR RECONSIDERATION" [ECF 78]**<br><br><br>Judge:  Hon. Fernando L. Aenlle-Rocha |

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................... 1

II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND .................... 2

III. LEGAL STANDARD ON MOTION FOR RECONSIDERATION .................... 6

IV.  PLAINTIFFS' MOTION SHOULD BE DENIED .................................... 7

   A.  Plaintiffs' Motion Is Procedurally Deficient .................................... 8

   B.  Plaintiffs' Motion Does Not Set Forth An Appropriate Basis For The
       Extraordinary Remedy Of Reconsideration .................................... 9

      1.  Plaintiffs' Disagreement With The Court's Rejection Of Their Arguments
          Regarding *Bruen* Does Not Warrant Reconsideration ........................... 10

      2.  Plaintiffs' Untimely Effort To Amend Yet Again Does Not Warrant
          Reconsideration ........................................................................ 13

V.   SANCTIONS AGAINST PLAINTIFFS AND THEIR COUNSEL ARE
     WARRANTED ..................................................................................... 16

VI.  CONCLUSION ..................................................................................... 17

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.V.E.L.A., Inc. v. Cent. Mills, Inc.*
  2016 U.S. Dist. LEXIS 7444844 (C.D. Cal. Jul. 19, 2016)....................................15

*Carroll v. Nakatani,*
  342 F.3d 934 (9th Cir. 2003) .................................................................6, 7

*Christian v. Mattel, Inc.*,
  286 F.3d 1118 (9th Cir. 2002) .....................................................................16

*District of Columbia v. Heller*,
  554 U.S. 570 (2010)................................................................................6, 10

*Edgerly v. City and County of San Francisco*,
  2005 WL 235710 (N.D. Cal. Feb 1, 2005) ....................................................17

*Fink v. Gomez*,
  239 F.3d 989 (9th Cir. 2001) .....................................................................16

*Johnson v. Mammoth Recreations*,
  975 F.2d 604 (9th Cir. 1992) .....................................................................14

*Kona Enterprises, Inc. v. Estate of Bishop*,
  229 F.3d 877 (9th Cir. 2000) ................................................................6, 10

*Murillo v. Union Supply Group, Inc.*,
  2022 WL 2189534 (C.D. Cal. May 13, 2022)..............................................7, 10

*New York State Rifle & Pistol Association, Inc. v. Bruen*,
  142 S. Ct. 2111 (2022)........................................................................*passim*

*Reed v. Wells Fargo Bank, N.A.*,
  2021 WL 8742195 (C.D. Cal. Nov. 17, 2021) ................................................8

*Stewart v. Wachowski*,
  574 F. Supp. 2d 1074 (2005) .......................................................................7

*William Morris Endeavor Entertainment, LLC. v. Writers Guild of America*,
  478 F. Supp. 3d 932 (C.D. Cal. 2020) ....................................................8, 12

**Statutes**

28 U.S.C. § 1927 ...................................................................................16, 17

California Penal Code § 25400(a)(1) ...............................................................3

California Penal Code § 25850(a) .....................................................................3

**Other Authorities**

Central District Local Rule 7-3 ...................................................................8, 9

Central District Local Rule 7-4 ........................................................................8

Central District Local Rule 6-1 ........................................................................8

Central District Local Rule 7-18 ...............................................................*passim*

Federal Rule of Civil Procedure 15 ...............................................................15

Federal Rule of Civil Procedure 16 ..........................................................14, 15

Federal Rule of Civil Procedure 59(e) ......................................................*passim*

Federal Rule of Civil Procedure 60(b) .............................................................7

United States Constitution, Second Amendment...................................3, 10, 11

United States Constitution, Fourteenth Amendment ............................3, 4, 11

**DEFENDANTS' OPPOSITION TO "PLAINTIFFS' MOTION TO
AMEND THE JUDGMENT FOR RECONSIDERATION"**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   **INTRODUCTION**

Without presenting any valid basis for doing so, Plaintiffs belatedly – and impermissibly on far less than 28 days' notice – ask this Court to reconsider its October 31, 2023 order granting the Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") filed by Defendants City of Los Angeles, Los Angeles Police Department, and the Los Angeles Board of Police Commissioners (collectively, "Defendants"), which the Court granted without leave to amend because amendment would be futile [ECF No. 75]. *See* ECF No. 78.

Not only was Plaintiffs' "Motion To Amend The Judgment For Reconsideration" filed beyond the deadline set by Local Rule 7-18 governing motions for reconsideration before this Court[1], but it suffers from various other procedural deficiencies, and should be denied outright on those grounds alone.

Importantly, even if the gross procedural violations were not enough, neither of the two alternative grounds for reconsideration offered by Plaintiffs satisfy any of the three limited instances in which the Local Rule permits seeking the extraordinary and disfavored remedy of reconsideration.  In complete disregard of the Local Rule, Plaintiffs' first asserted basis for reconsideration is simply a repeat of the arguments Plaintiffs already made in opposition to Defendants' motion to dismiss, which the Court previously considered and rejected. *See* L.R. 7-18 ("No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.").  Plaintiffs' frivolous argument that "[t]he Court should reconsider its Order because *Bruen* is retroactive as to this case" [ECF No. 78 at 16:14-15] rests on the false premise that the Court ignored or failed to apply *Bruen*.  This is simply untrue; the Order cites to *Bruen* (and Plaintiffs' arguments about *Bruen*) no less than ten times. The Court considered and rejected Plaintiffs' arguments "that, because Defendants'

---

[1] Local Rule 7-18 requires that "[a]bsent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application." L.R. 7-18.

DEFENDANTS' OPPOSITION TO "PLAINTIFFS' MOTION TO
AMEND THE JUDGMENT FOR RECONSIDERATION"

application of the 'good cause' requirement is now unconstitutional following *Bruen*, they were permitted to disregard California's licensing requirement completely." *See* 10/31/23 Order [ECF No. 75] at 8:4-8. Plaintiffs' unhappiness and disagreement with the Court's decision is not a proper basis for reconsideration.

Plaintiffs' second "alternative and independent" basis for reconsideration similarly fails to meet the standard under Local Rule 7-18 and Federal Rule 59(e). Plaintiffs' contention is that they should be allowed to belatedly amend their FAC merely to add factual allegations they concede they learned weeks *before* the Order dismissing the case, and which, in reality, amount to a single fact that is not new or material. All Plaintiffs claim is that instead of considering four factors in determining whether to grant a Concealed Carry Weapons Permit ("CCW"), Plaintiffs apparently learned on October 4, 2023 (weeks before the October 31 order of which they seek reconsideration) that the LAPD Chief allegedly only considered two factors (good cause and whether the applicant was a resident of Los Angeles) such that "the Chief exercised their discretion so that the Chief never issued a CCW for general self-defense" [ECF No. 75 at 19:19-20:12]. Yet, Plaintiffs already contended that the LAPD Chief had a "no-issue" CCW policy over and over again in their FAC and opposition to the motion to dismiss. Merely adding *more* allegations to support this contention has no bearing on the Court's decision to dismiss this action with prejudice, nor on some future appeal Plaintiffs may bring.

Plaintiffs' frivolous motion for reconsideration flagrantly ignores the rules governing such motions and offers no valid basis for granting such extraordinary and disfavored relief. Not only should Plaintiffs' motion be denied, but Plaintiffs and their counsel should be sanctioned for filing it and forcing the Court and a public entity to expend taxpayer resources in response to Plaintiffs' unreasonable multiplication of this proceeding, which is even more egregious given the shortened timeframe Plaintiffs provided to the City to respond.

## II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Garry Matthews and Dominic Ross Hunn initiated this lawsuit on May 3,

2

2022 on behalf of themselves and a putative class of individuals who were allegedly arrested by the Los Angeles Police Department ("LAPD") for violating California Penal Code sections 25400(a)(1) and 25850(a), which respectively prohibit carrying a concealed handgun in a vehicle and a loaded firearm on a person while in public. *See* ECF No. 1 at ¶ 1, 75.  Plaintiffs contended that the City's policy on issuing licenses to carry concealed weapons ("CCWs") until the Supreme Court's decision in *Bruen* was tantamount to a "no issue" policy in violation of the Second Amendment because it restricted CCWs to applicants who demonstrated "good cause" defined as "a special need to defend against threats specific to themselves," a provision analogous to one the Supreme Court held in *Bruen* violated the Second Amendment.  *See* ECF No. 1 at ¶¶ 2-4, 18-22, 114-115.  The only other claim asserted was brought by Plaintiff Garry Matthews, a Tennessee resident, who contended the City violated the Fourteenth Amendment right to travel. *See id.* at ¶ 4.

After reviewing the City's arguments on an initial motion to dismiss, Plaintiffs filed a First Amended Complaint on September 7, 2022, which failed to plead any new material factual allegations outside of nine paragraphs related to the addition of a new plaintiff, Jamar Hearns, who alleged that he was arrested after the lawsuit was filed. ECF No. 31.  Prior to the present motion, Plaintiffs made no effort to amend their First Amended Complaint any time after its filing.

On October 7, 2022, Defendants filed a motion to dismiss Plaintiffs' First Amended Complaint, arguing that Plaintiffs' case failed as a matter of law because Plaintiffs could not establish liability under *Monell*, and Plaintiff Matthews' Fourteenth Amendment claim was time-barred. ECF No. 40.

On December 12, 2022, the court found the matter appropriate for resolution without oral argument and vacated the hearing date, and ordered the parties to proceed with litigating the action diligently. ECF No. 51.

Despite the City having identified Officer Gabriela Penson as a witness having knowledge regarding "[t]he City's concealed carry license application process" in the

3

City's initial disclosures served a year prior, on October 28, 2022, Plaintiffs waited almost a full year – to October 4, 2023 – to depose her. Declaration of Jessica Mariani ("Mariani Decl."), ¶ 6.  In their motion for reconsideration, all Plaintiffs claim to have learned from that deposition is that LAPD's "Chief interpreted the statute so that only they considered only two of the elements (sic): (1) Good cause (as interpreted by the Chief) exists for issuance of the license; and (2) the applicant is a resident of Los Angeles." ECF No. 78 at 20:7-10.  Plaintiffs made no effort to amend their complaint in the almost four weeks between the deposition and the Court's issuance of the October 31, 2023 Order of which Plaintiffs now seek reconsideration, and they offer no explanation for this.[2]

On October 31, 2023, the Court issued an 11-page ruling granting Defendants' motion to dismiss the First Amended Complaint "without leave to amend, as amendment would be futile, given the Plaintiffs' claims fail as a matter of law." 10/31/23 Order [ECF No. 75] at 11.  In that order, the Court analyzed the Supreme Court's holding in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), which was that the "Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home" and recognized that "*Bruen* does not prohibit a state from implementing a license requirement to carry a firearm or from criminalizing the unlicensed concealed carry of a loaded firearm." *See* ECF No. 75 at 6:9-7:4.  The Court considered Plaintiffs' arguments on the applicability of *Bruen* to this case, and found that "[e]ven assuming *arguendo* the allegations in the FAC regarding Defendants' purported 'no issue' policy are true, Plaintiffs do not properly frame the issue. *Bruen* did not create, and Plaintiffs cite no authority establishing, a constitutional right to carry publicly a concealed firearm without a license…*Bruen* precluded enforcement of

---

[2] Indeed, the parties were engaged in negotiations to stipulate to amend the Scheduling Order to extend the discovery cutoff before and following Officer Penson's deposition on October 4, 2023 before Plaintiffs' counsel suddenly informed Defendants' counsel on October 13, 2023 that no stipulation could be reached, without ever raising the notion of amending their pleading. *See* Mariani Decl., ¶ 7, Ex. C.

licensing scheme which, like California Penal Code § 26155(a)(2), included a 'good cause' requirement. *Bruen* did not forbid states from applying other, reasonable, well-defined restrictions to an individual's application for a CCW license." ECF No. 75 at 7:11-21 (internal citations omitted).  Instead of accepting the Court's rejection of their position, Plaintiffs chose to double down on their improper framing of the issue and filed this baseless motion for reconsideration on the same misreading and mis-framing of *Bruen*.

Following the Court's ruling dismissing the case, Plaintiffs' counsel emailed Defendants' counsel on November 5, 2023, asking to meet and confer regarding Plaintiffs' intended motion to reconsider and motion for leave to amend the First Amended Complaint (which had just been dismissed by the Court without leave to amend because amendment would be futile). *See* Mariani Decl., ¶ 2, Ex. A.  Plaintiffs' counsel said "Plaintiffs want to amend the complaint to correct allegations about how the Chief handled CCWs during the class period based on Officer Penson's testimony, add some allegations about the number of putative class members, some allegations about Mr (sic) Hearns and his jobs and background, and some other allegations we can discuss if you like". *See id*.

Counsel for the parties thereafter met and conferred via teleconference on November 6, 2023 (not November 8 as Plaintiffs' motion incorrectly states [ECF No. 78 at 2:7-8]). Mariani Decl., ¶ 3.  Despite counsel for the City explaining to Plaintiffs' counsel that the allegations he wished to add could have been added earlier, and, in any event, were not material to and would not change the outcome of the order to dismiss, the City's counsel were not able to dissuade Plaintiffs' counsel from pursuing both a motion for reconsideration and a motion for leave to amend the First Amended Complaint. *See id*.

Following that call, Plaintiffs' counsel sent another email the following day stating that he had "given more thought to the motion to reconsider and the motion for leave to amend" and, in relevant part, stating "I learnt a few weeks before the order granting the

5

motion to dismiss – based on new facts I learnt in discovery – that the policy is different from what I had alleged. I still think it is unconstitutional but I also believe the Judge will still find it constitutional." Mariani Decl., ¶ 4, Ex. B.  He went on to say: "I would like to move to reconsider just the part of the order dismissing without leave to amend so I can move to amend the complaint just to correctly state the facts of what the policy/ practice actually were. these are the only allegations I will change….If I do not do this, I will be filing an appeal based on allegations that I know do not accurately reflect the actual policy/ practice in place. So I would get an order based on allegations that do not really state the policy." *Id.*, Ex. B.

At no time during the November 6 teleconference or the subsequent email communications did Plaintiffs' counsel mention that Plaintiffs intended to assert an argument based on the notion that "the Court committed legal error to the extent that it held that 'Defendants' application of the 'good cause' requirement is *now* unconstitutional following *Bruen*,' Order at 8, without evaluating the predicate constitutional violation under the *Bruen* test, because the Defendants' policy (not just the good cause element in the statute) was unconstitutional under *Bruen* and *Heller* during the entire class period." ECF No. 78 at 3:14-19; *see also* Mariani Decl., ¶ 5.

## III.   LEGAL STANDARD ON MOTION FOR RECONSIDERATION

Rule 59(e) of the Federal Rules of Civil Procedure "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (affirming district court's denial of motion for reconsideration).  "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovery evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (affirming district court's denial of motion for reconsideration).  Further, as the Ninth Circuit has repeatedly stated, "[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when

6

they could reasonably have been raised earlier in the litigation." *Id.*[3] "Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Murillo v. Union Supply Group, Inc.*, 2022 WL 2189534, at *1 (C.D. Cal. May 13, 2022) (denying motion for reconsideration) (citation omitted).

The Central District's Local Rule 7-18 specifically limits the grounds on which a motion for reconsideration may be brought to only "(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a chance of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." L.R. 7-18. The Local Rule specifies that "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." *Id.* It further admonishes that "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." *Id.*

## IV.   **PLAINTIFFS' MOTION SHOULD BE DENIED**

Plaintiffs' motion not only suffers from multiple procedural flaws which alone warrant rejection of the motion, but it is devoid of any valid basis for invoking the disfavored and extraordinary remedy of reconsideration under Rule 59(e) and Local Rule 7-18. *See Carroll v. Nakatani*, 342 F.3d at 945 (affirming denial of motion for reconsideration and noting that Rule 59(e) "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'") (citation

---

[3] Although Plaintiffs make a single passing reference to moving pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6) [ECF No. 78 at 2:2], and style their motion as one to "amend the judgment for reconsideration," Plaintiffs offer no analysis under Rule 60 and the thrust of their motion is for reconsideration under Rule 59. Moreover, Rule 60 does not apply here, and the motion is properly treated as one under Rule 59. *See Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1114 (2005) (analyzing motion to alter or amend judgment under Rule 59(e), despite its styling as a motion for relief for judgment under Rule 60(b)).

7

omitted); *see also William Morris Endeavor Entm't, LLC. v. Writers Guild of America*, 478 F. Supp. 3d 932, 938 (C.D. Cal. 2020) (denying motion for reconsideration and noting that "[m]otions for reconsideration are disfavored and rarely granted…") (citation omitted).  Mere "disagreement with a decision 'is an inadequate reason for [a motion for reconsideration] to be granted.'" *William Morris Endeavor Entm't, LLC*, 478 F. Supp. 3d 932, 939 (C.D. Cal. 2020).

### A.   Plaintiffs' Motion Is Procedurally Deficient

Plaintiffs' motion suffers from multiple procedural flaws which, on their own, warrant rejection of the motion. *See* L.R. 7-4; *see also, e.g., Reed v. Wells Fargo Bank, N.A.*, 2021 WL 8742195, at \*1 (C.D. Cal. Nov. 17, 2021) ("[Plaintiff's] failing is not in compliance with Local Rule 7-4, thus the Court may decline to consider the motion.").

Local Rule 7-4 states that "[t]he Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8."  It further sets forth requirements for the notice of motion including that "[o]n the first page of the notice of motion and every other document filed in connection with any motion, there shall be included, under the title of the document, the date and time of the motion hearing, and the name of the judicial officer before whom the motion has been noticed." L.R. 7-4.  Not only does Plaintiffs' motion entirely lack a rule-compliant notice of motion and fail to comply with Local Rule 7-4, but the docket entry indicates Plaintiffs impermissibly set the hearing for November 28 at 10 a.m. *See* ECF No. 78 ("Motion set for hearing on 11/28/2023 at 10:00 AM before Judge Fernando L. Aenlle-Rocha.").  This provides only 13 days' notice, much less than the 28 days required by Local Rule 6-1, and did not allow the City to timely file its opposition 21 days before the motion hearing date.  Moreover, Plaintiffs purport to have set the hearing on a Tuesday at 10 a.m. when the Court only hears civil motions on Fridays at 1:30 p.m.[4]

---

[4] *See* U.S. District Court, Central District of California: Honorable Fernando L. Aenlle-Rocha, https://www.cacd.uscourts.gov/honorable-fernando-l-aenlle-rocha (last visited Nov. 20, 2023).

Further, Plaintiffs' motion for reconsideration was also untimely filed pursuant to Local Rule 7-18, which requires that "[a]bsent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application." L.R. 7-18.

Finally, Local Rule 7-3 requires that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  While a teleconference among counsel proceeded on November 6, 2023, Plaintiffs' counsel did not apprise the City of the first basis upon which Plaintiffs' motion is now based concerning the Court's alleged failure to retroactively apply *Bruen*, and instead only notified the City of Plaintiffs' intention to move for reconsideration of the Court's October 31, 2023 order and for leave to amend the complaint on the basis of facts learned during the deposition of Officer Penson on October 4, 2023.

The multiple procedural violations of the Local Rules alone warrant rejection of Plaintiffs' motion, and it should be denied outright.

## B. <u>Plaintiffs' Motion Does Not Set Forth An Appropriate Basis For The Extraordinary Remedy Of Reconsideration</u>

Even assuming the Court were to overlook the multiple procedural flaws in Plaintiffs' motion for reconsideration of the Court's October 31, 2023 Order granting Defendants' motion to dismiss Plaintiffs' FAC without leave, the motion is wholly lacking in any substantive merit.  Neither of the two alternative grounds offered by Plaintiffs for reconsideration of the Court's order satisfy any of the three limited instances in which the Local Rule permits seeking the extraordinary remedy of reconsideration: (1) "a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered", (2) "the emergence of new material facts or a change of law occurring after the Order was entered", or (3) "a manifest showing of a failure to consider material facts presented to the Court before the

9

Order was entered." L.R. 7-18.

### 1.   Plaintiffs' Disagreement With The Court's Rejection Of Their Arguments Regarding *Bruen* Does Not Warrant Reconsideration

Plaintiffs' first purported basis for reconsideration is that "[t]he Court should reconsider its Order because *Bruen* is retroactive as to this case" [ECF No. 78 at 16:14-15], and "[t]his Court committed clear error by not applying the text, tradition and history test of *Bruen* or the 'complete prohibition' test of *Heller* to defendants' no-issue policy coupled with Defendants' policy and practice of arresting, detaining and (in some cases) causing Named Plaintiffs and the putative class members' prosecutions by arresting them pursuant to Defendants' unconstitutional policy."[5] ECF No. 78 at 17:5-9.  This frivolous argument violates Local Rule 7-18 (and the well-established standard for reconsideration) because rather than setting forth one of the three delineated bases on which Local Rule 7-18 permits such a motion to be brought, Plaintiffs impermissibly repeat arguments they already made in their opposition to the motion to dismiss, which were rejected by the Court. *See* L.R. 7-18; *see also Murillo v. Union Supply Group, Inc.*, 2022 WL 2189534, at *1 (cautioning that disfavored motions for reconsideration should not be used "to ask the Court to rethink what it has already thought.") (citation omitted).

Plaintiffs' argument concerning the applicability of *Bruen* is solely an improper repeat of the arguments Plaintiffs previously made in opposition to Defendants' motion to dismiss, *i.e.,* that, in light of *Bruen*, Plaintiffs' Second Amendment rights were violated

---

[5] To the degree Plaintiffs are arguing that the Court should have applied a test from *District of Columbia v. Heller*, 554 U.S. 570, 581 (2010) that differs from the test announced in *Bruen*, Plaintiffs' request is inappropriate for the additional reasons that (a) a motion for reconsideration is not an appropriate vehicle for raising new arguments, and (b) Plaintiffs only mentioned *Heller* once in their Opposition to the Defendants' Motion to Dismiss the FAC, despite *Heller* having been decided in 2010 well before this case was filed. *See* ECF No. 42 at 5:3; *see also Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

by Defendants' alleged policy of refusing to issue concealed weapons permits ("CCWs")
for general self-defense, and arresting, detaining, and/or referring for prosecution the
Plaintiffs and putative class members for carrying a handgun outside the home without a
CCW. *See* ECF No. 78 at 2:1-16; *see also, e.g.,* Plaintiffs' Opp'n to Mot. to Dismiss
[ECF No. 42] at 4:14-5:7, 7:3-12 ("Such a total ban on the carriage of a handgun in
public for self-defense – as applied against LA residents, because of the Chief's refusal to
issue CCWs for general self-defense – rendered the statutes unconstitutional because they
violated the Second Amendment right to carry a handgun in public for self-defense.
*Bruen*, 142 S. Ct. at 2122 (the Second and Fourteenth Amendments protect an
individual's right to carry a handgun for self-defense outside the home); *Smith II*, 568 F.
Supp. 3d at 63.").  Plaintiffs do not even attempt to demonstrate "a manifest showing of a
failure to consider material *facts* presented to the Court before the Order was entered" as
required by Local Rule 7-18 [*see* L.R. 7-18 (emphasis added)][6], but rather just
improperly rehash the legal arguments Plaintiffs already asserted in opposing
Defendants' motion to dismiss, which the Court already considered and properly rejected.
*See* L.R. 7-18 ("No motion for reconsideration may in any manner repeat any oral or
written argument made in support of, or in opposition to, the original motion.").

 Plaintiffs' argument rests on the patently false premise that the Court ignored or
failed to consider *Bruen*'s effect on this case; this is simply a baseless contention.  The
Order cites to *Bruen* (and Plaintiffs' arguments about *Bruen*) no less than ten times, and
the Order makes clear the Court considered and rejected Plaintiffs' argument that *Bruen*
required a different result than dismissal of their action with prejudice.

 Indeed, Plaintiffs' argument is not that the Court failed to consider material *facts*
presented before the Order was entered, as required by Local Rule 7-18(c), but rather that

---

[6] Since Plaintiffs do not even contend their request for reconsideration on this ground has
anything to do with any material facts or change of law occurring after the Order was
entered, or a material difference in fact or law that could not have been known at the time
the Order was entered, neither of Local Rule 7-18 other two grounds for reconsideration
(subdivisions (a) or (b)) could possibly apply.

the Court failed to apply the law correctly. Such an argument is not a proper basis for reconsideration under Local Rule 7-18, and, importantly, far from failing to consider *Bruen*'s application to the case, or committing any other manifest error, the Court in fact considered Plaintiffs' arguments in their opposition to the motion to dismiss – and improperly raised again on reconsideration – and just did not agree with Plaintiffs. Instead the Court found that "[e]ven assuming *arguendo* the allegations in the FAC regarding Defendants' purported 'no issue' policy are true, Plaintiffs do not properly frame the issue. *Bruen* did not create, and Plaintiffs cite no authority establishing, a constitutional right to carry publicly a concealed firearm without a license." ECF No. 75 at 7:11-19 (citing *Bruen* and *Heller*). Indeed, Plaintiffs' misconstrue and mis-cite the Court's Order, which reads in relevant part: "Plaintiffs do not allege they ever *applied* for a CCW license, which was impermissibly denied"[7] [ECF No. 75 at 8:1-2] and instead "[i]n essence, Plaintiffs argue that, because Defendants' application of the 'good cause' requirement is now unconstitutional following *Bruen*, they were permitted to disregard California's licensing requirement completely. This is not what *Bruen* commands and Plaintiffs cite no authority to convince the court to read Supreme Court precedent so broadly." ECF No. 75 at 8:4-8.

Thus, while Plaintiffs may be upset with the Court's ruling, it is disingenuous for Plaintiffs to imply that the Court did not appropriately consider *Bruen*'s application to this case. Plaintiffs' disagreement with the Court's ultimate conclusion after considering Plaintiffs' allegations and arguments concerning *Bruen* is not an appropriate basis for reconsideration. *See William Morris Endeavor Entm't, LLC*, 478 F. Supp. 3d 932, 939 (C.D. Cal. 2020) ("disagreement with a decision 'is an inadequate reason for [a motion for reconsideration] to be granted.'").

---

[7] "[T]he legal significance of whether Plaintiffs ever engaged in the futile act of applying for CCWs the Chief was sure to deny" was thus not simply an "ancillary issue[] Plaintiffs addressed in their Opposition [ECF No. 42 to Defendants' Motion [ECF No. 40 to Dismiss" as Plaintiffs contend. *See* ECF No. 78 at 4:3-6.

**DEFENDANTS' OPPOSITION TO "PLAINTIFFS' MOTION TO AMEND THE JUDGMENT FOR RECONSIDERATION"**

### 2. Plaintiffs' Untimely Effort To Amend Yet Again Does Not Warrant Reconsideration

Plaintiffs' second "alternative and independent" basis for reconsideration is just as frivolous and baseless as the first. In essence, Plaintiffs argue that they should be allowed to again amend their First Amended Complaint merely to add additional facts they learned weeks *before* the Order dismissing the case was issued, and which are not new or material facts.

Rather than timely seeking to amend their FAC prior to the deadline in the scheduling order, or at least upon allegedly learning new facts during an October 4, 2023 deposition of Officer Penson, Plaintiffs waited until *after* the case was closed to seek to do so. Plaintiffs do not even contend that the facts they wish to add are *new* or were *unknown* prior to issuance of the Court's Order (much less *unknowable* with reasonable diligence) as required by Local Rule 7-18, but rather Plaintiffs boldly admit that these facts were learned at a deposition on October 4, 2023 (and, in fact, they could have been learned much earlier, given that Officer Penson was disclosed in the City's initial disclosures as a witness having knowledge regarding the City's CCW policy a year prior, on October 28, 2022). ECF No. 78 at 19:19-20-2.

What is even more improper is that the facts Plaintiffs are untimely seeking leave to add facts that make no material difference to Plaintiffs' pleading because Plaintiffs already alleged and argued that the City's CCW policy was tantamount to a "no issue" policy. *See e.g.,* FAC [ECF No. 31] at p. 13 ("The City of Los Angeles Adopted a "No Issue" CCW policy to Impose a Total Ban on Carriage of Handguns outside the Home for Self-Defense"); ECF No. 42 at, *e.g.*, 10:13-17 ("Defendants' 'no issue' policy of issuing CCWs amounted to a total ban on the carriage of handguns in public for self-defense even though Defendants did issue some CCWs to a small number of persons able to show a special need to defend against threats specific to themselves."). Whether the LAPD Chief allegedly considered two or four factors such that "[u]nder this policy the Chief exercised their discretion so that the Chief never issued a CCW for general self-defense" [*see* ECF No. 78 at 20:3-12] is of no consequence given that Plaintiffs already alleged the

Chief's CCW policy amounted to a "no-issue" policy.  It is therefore entirely frivolous for Plaintiffs to argue that they should be allowed to belatedly amend – after the case has been closed – the allegations in the First Amended Complaint to "correct errors of fact in the allegations and prevent the manifest injustice of requiring Plaintiffs to appeal based on a complaint that does not accurately reflect the Chief's policy." ECF No. 79 at 19:1-5. The allegations Plaintiffs claim they should be permitted to "correct" allegedly show that instead of considering four factors in determining whether to grant a CCW, the Chief only considered two (good cause and whether the applicant was a resident of Los Angeles) such that "the Chief exercised their discretion so that the Chief never issued a CCW for general self-defense" – a point which Plaintiffs have already made over and over again in their FAC and opposition to the motion to dismiss, and a point which was already expressly considered and rejected by the Court. *See* FAC [ECF No. 31], ¶¶ 1, 3-4, 18-19, 22, 106, 109; Opp'n to Mot. to Dismiss FAC [ECF No. 42] at 6:23-7:2; 10:13-17; 10/31/23 Order [ECF No. 75] at 3:21-23, 7:5-21.  Merely adding *more* allegations supporting the ultimate contention that the City's pre-*Bruen* policy was tantamount to a total ban on the carriage of handguns without a CCW would have had absolutely no bearing whatsoever on the Court's decision to dismiss this action with prejudice, nor on some future appeal.

Moreover, reconsideration is not an appropriate vehicle to rectify Plaintiffs' failure to make a timely seek leave to amend under the good cause standard set forth in Rule 16(b) of the Federal Rules of Civil Procedure, given that such leave would have necessitated a modification to the court's scheduling order. *See Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992).  It is improper and disingenuous for Plaintiffs to suggest that they "were diligent in learning this information in discovery and so 'good cause' existed for Plaintiffs to move to modify the Scheduling Order for leave to amend their complaint before the end of the discovery period or shortly thereafter" [ECF No. 78 at 21:12-15] when Plaintiffs' counsel is fully aware that the parties were engaged in negotiations to stipulate to amend the Scheduling Order to extend the discovery cutoff

before and following Officer Penson's deposition on October 4, 2023, and that it was Plaintiffs' counsel who unilaterally reversed course and informed Defendants' counsel on October 13, 2023 that no stipulation could be reached, without ever raising the notion of amending their pleading (despite having deposed Officer Penson nine days prior). Mariani Decl., ¶ 7, Ex. C.

Thus, far from diligently seeking to modify the Scheduling Order to permit Plaintiffs to add facts learned at the October 4, 2023 deposition, Plaintiffs did not mention any desire to extend the deadline for amending pleadings in the Scheduling Order, and abruptly ended negotiations to extend other deadlines in that Order. The first time Plaintiffs indicated they wanted to amend the FAC was not until days after the Court's October 31, 2023 Order dismissing the case without leave to amend was issued. While Plaintiffs' instant motion must be considered under the standard for reconsideration – and not the standard for seeking amendment that requires modification of a scheduling order under Rule 16 (and Rule 15) – Plaintiffs certainly cannot establish that they were diligent in seeking amendment, or that the proposed amendment would not be prejudicial and futile, as the cases cited by Plaintiffs require. *See e.g., A.V.E.L.A., Inc. v. Cent. Mills, Inc.* 2016 U.S. Dist. LEXIS 7444844, at *3, *5, *7 (C.D. Cal. Jul. 19, 2016) (granting motion to amend where defendant failed to show it would be substantially prejudiced by proposed amendments, nor that the amendments would be futile or the result of undue delay).

All of this underscores the baseless and frivolous nature of Plaintiffs' arguments contending that the Court's Order should be reconsidered to permit Plaintiffs to add allegations that were (1) actually known to Plaintiffs weeks prior to the Order dismissing the action with prejudice (and could have been known far earlier had Plaintiffs not delayed a full year to depose Officer Penson after she was identified in the City's initial disclosures as a witness with knowledge about the CCW application process); and are (2) not material to the Order granting defendants' motion to dismiss the First Amended Complaint without leave to amend since the Court correctly concluded that amendment

15

would be futile, and the additional facts Plaintiffs wish to add do not change that conclusion.

## V.   SANCTIONS AGAINST PLAINTIFFS AND THEIR COUNSEL ARE WARRANTED

A "district court has a broad array of sanctions options at its disposal: Rule 11, 28 U.S.C. § 1927, and the court's inherent authority." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002).  Specifically, pursuant to 28 U.S.C. § 1927, "[a]ny attorney or other person…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  It is also within the Court's inherent powers to impose sanctions where it makes a finding that counsel's conduct constituted or was tantamount to bad faith. *See Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).  A court's decision whether to impose sanctions rests within the court's sound discretion. *See id.* at 994.

Sanctions against Plaintiffs and Plaintiffs' counsel under either 28 U.S.C. § 1927 or the Court's inherent authority are appropriate here, where Plaintiffs filed a baseless motion for reconsideration, replete with violations of the Local Rules, and in willful defiance and disregard of the rules clearly setting forth the well-established and limited instances in which it is appropriate to seek the extraordinary and disfavored remedy of reconsideration.  Plaintiffs' motion unreasonably and vexatiously multiplied the proceedings, and forced the Court and a public entity to expend taxpayer resources in response to Plaintiffs' frivolous arguments.

What is worse is that Plaintiffs' counsel admitted prior to filing the motion for reconsideration that it would be based not on facts that were not reasonably knowable at the time the Court issued its order dismissing the action with prejudice as required by Local Rule 7-18, but rather based on facts that he "learnt a few weeks before the order granting the motion to dismiss." *See* Mariani Decl., ¶ 4, Ex. B.  In other words, Plaintiffs' counsel brazenly admitted prior to filing the motion for reconsideration that he intended

16

to file the motion on an improper basis that does not meet the strict standard necessary to bring a motion for such an extraordinary remedy, and Defendants' counsel was unable to dissuade him from filing the motion.  On top of that, Plaintiffs added a second baseless ground for reconsideration about which Plaintiffs' counsel did not even meet and confer with Defendants' counsel prior to the filing of the motion. Mariani Decl., ¶ 5.  And Plaintiffs' counsel then set a shortened and improper hearing date for the motion, which provided only 13 days' notice.

Given the utter lack of merit in Plaintiffs' motion for reconsideration and the disingenuous and frivolous nature of the arguments asserted, combined with the needlessness of such motion in light of Plaintiffs' ability to simply appeal the Order (although the City contends such an appeal would also be meritless), the City is left with no option but to presume that Plaintiffs' motion for reconsideration was brought merely for the purposes of multiplying the proceedings and harassing the City with an additional unnecessary and improper motion.  Such conduct amounts to bad faith, and warrants sanctions in the amount of the City's attorneys' fees incurred in responding to Plaintiffs' motion. *See Edgerly v. City and County of San Francisco*, 2005 WL 235710, at *3 (N.D. Cal. Feb 1, 2005) (sanctions in the amount of attorneys' fees incurred in responding to two frivolous motions for reconsideration were appropriate under Rule 11 and 28 U.S.C. § 1927), *aff'd in part,* 599 F.3d 946, 963 (9th Cir. 2010).

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, the City respectfully requests that the Court deny Plaintiffs' Motion To Amend The Judgment For Reconsideration, and impose sanctions in an amount up to the City's attorneys' fees incurred in responding to Plaintiffs' motion for reconsideration.

DATED: November 21, 2023    **OFFICE OF THE LOS ANGELES CITY ATTORNEY**

By: */s/* Jessica Mariani

Attorneys for Defendants CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, and LOS ANGELES BOARD OF POLICE COMMISSIONERS

17