HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
SCOTT MARCUS, Chief Assistant City Attorney (SBN 184980)
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
**ARLENE N. HOANG, Deputy City Attorney (SBN 193395)**
**JESSICA MARIANI, Deputy City Attorney (SBN 280748)**
200 North Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Telephone Number:  213.978.7508
Facsimile Number: 213.978.7011
Arlene.Hoang@lacity.org;
Jessica.Mariani@lacity.org

Attorneys for Defendants,
CITY OF LOS ANGELES,
LOS ANGELES POLICE DEPARTMENT, and
LOS ANGELES BOARD OF POLICE COMMISSIONERS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GARRY MATTHEWS and DOMINIC ROSS HUNN, individually and as class representatives,<br><br>Plaintiffs,<br>vs.<br><br>CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, AND LOS ANGELES BOARD OF POLICE COMMISSIONERS,<br><br>Defendants. | Case No.: 22-cv-02944-FLA-PD<br><br>**DECLARATION OF JESSICA MARIANI IN SUPPORT OF DEFENDANTS' OPPOSITION TO "PLAINTIFFS' MOTION TO AMEND THE JUDGMENT FOR RECONSIDERATION" [ECF 78]**<br><br>Judge:  Hon. Fernando L. Aenlle-Rocha |

**DECLARATION OF JESSICA MARIANI**

# DECLARATION OF JESSICA MARIANI

I, Jessica Mariani, hereby declare:

1. I am an attorney at law, duly licensed to practice before this Court and all courts of the State of California. I am one of the attorneys of record for Defendants City of Los Angeles ("City"), Los Angeles Police Department, and the Los Angeles Board of Police Commissioners (collectively, "Defendants") in the above-captioned action. I make this declaration in support of Defendants' Opposition to "Plaintiffs' Motion To Amend The Judgment For Reconsideration." If called as a witness, I could and would competently testify to the facts set forth herein as I know each to be true based upon my own personal knowledge.

2. Plaintiffs' counsel emailed Defendants' counsel on November 5, 2023, asking to meet and confer regarding Plaintiffs' intended motion to reconsider and motion for leave to amend the First Amended Complaint (which on October 31, 2023 had been dismissed by the Court without leave to amend because amendment would be futile). Attached hereto as **Exhibit A** is a true and correct copy of that email.

3. Counsel for the parties thereafter met and conferred via teleconference on November 6, 2023 (not November 8 as Plaintiffs' motion incorrectly states [ECF No. 78 at 2:7-8]). Despite counsel for Defendants explaining to Plaintiffs' counsel that the allegations he wished to add could have been added earlier, and, in any event, were not material to and would not change the outcome of the order to dismiss, Defendants' counsel were not able to dissuade Plaintiffs' counsel from pursuing both a motion for reconsideration and a motion for leave to amend the First Amended Complaint.

4. On November 7, 2023, Plaintiffs' counsel sent another email to Defendants' counsel, a true and correct copy of which is attached hereto as **Exhibit B.**

5. At no time during the November 6 teleconference or the subsequent email communications described above did Plaintiffs' counsel mention that Plaintiffs intended to assert an argument based on the notion that "the Court committed legal error to the extent that it held that 'Defendants' application of the 'good cause' requirement is *now*

1

unconstitutional following *Bruen*,' Order at 8, without evaluating the predicate constitutional violation under the *Bruen* test, because the Defendants' policy (not just the good cause element in the statute) was unconstitutional under *Bruen* and *Heller* during the entire class period" as they argue in their motion for reconsideration. *See* ECF No. 78 at 3:14-19.

6. Despite Defendants having identified Officer Gabriela Penson as a witness having knowledge regarding "[t]he City's concealed carry license application process" in Defendants' initial disclosures served a year prior, on October 28, 2022, Plaintiffs waited almost a full year – to October 4, 2023 – to depose her.

7. The parties were engaged in negotiations to stipulate to amend the Scheduling Order to extend the discovery cutoff before and following Officer Penson's deposition on October 4, 2023 until Plaintiffs' counsel informed Defendants' counsel via email on October 13, 2023 that no stipulation could be reached. A true and correct copy of that email is attached hereto as **Exhibit C.**

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of November, 2023 in Los Angeles, California.

      /s/ Jessica Mariani
JESSICA A. MARIANI